AARON M. CLEFTON, Esq.  (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:   510/832-4787
info@reincleftonlaw.com

IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for Plaintiff
MYRNA ATIENZA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRNA ATIENZA,<br><br>    Plaintiff,<br><br>v.<br><br>HIGHLANDS SAN RAMON L.P., dba HIGHLANDS POINT APARTMENTS; ST. ANTON PARTNERS, LLC; and ST. ANTON MULTIFAMILY INC.,<br><br>    Defendant. | CASE NO.<br><u>Civil Rights</u><br><br>COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:<br><br>1) Violation of the Federal Fair Housing Act (42 U.S.C. § 3601 *et seq*.)<br><br>2) Violation of the California Fair Employment and Housing Act (Gov't Code § 12926 *et seq*.)<br><br>3) Violation of the California Disabled Persons Act (Civil Code § 54 *et seq*.)<br><br>4) Violation of the California Unruh Act (Civil Code § 51(b))<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff MYRNA ATIENZA complains of Defendants HIGHLANDS SAN RAMON L.P., dba HIGHLANDS POINT APARTMENTS; ST. ANTON PARTNERS, LLC; and ST.

ANTON MULTIFAMILY INC., and alleges as follows:

1. **INTRODUCTION:** Plaintiff MYRNA ATIENZA brings this action against HIGHLANDS SAN RAMON L.P., dba HIGHLANDS POINT APARTMENTS; ST. ANTON PARTNERS, LLC; and ST. ANTON MULTIFAMILY INC., the owner and operator of the apartment building located at 2311 Ivy Hill Way San Ramon, CA 94582 and known as Highland Points Apartments ("Highlands Point") alleging discrimination on the basis of disability in violation of the Federal Fair Housing Act, 42 U.S.C. § 3601, et seq., and related state laws.

2. For years Defendants have denied and continue to deny Plaintiff access and transfer to a ground floor apartment from her current third floor apartment that has no elevator access despite Plaintiff repeatedly asking for such a transfer as a reasonable accommodation for her disability. Defendants have continuously insisted that no comparable apartments on the ground floor are available. Rather than agreeing to inform Plaintiff when a ground floor unit becomes available, Defendants initially asked Plaintiff to continue to inquire with them regularly, which she did. During this time, Plaintiff saw several people moving in and out of ground floor apartments. When Plaintiff brought this up with Defendants, they claimed, and continue to claim, that those vacant units are not low-income units and Plaintiff, a low-income tenant, is ineligible to move into a unit that is not classified as low-income. Plaintiff asked for Defendants to redesignate a unit comparable to her unit as a low-income unit, but they have refused to do so. They have done this despite being aware for years that Plaintiff is in severe pain traveling up and down the stairs to her current apartment due to her disability.

3. Plaintiff seeks an injunction compelling Defendants to grant her reasonable accommodation requests so that she can fully use and enjoy her dwelling in a manner that is substantially equal to that of other tenants at Highland Points, to force Defendants to change their policies to provide reasonable accommodations to disabled tenants; and damages for the injuries Plaintiff has suffered and will continue to suffer until Defendants changes their discriminatory behavior.

4. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 U.S.C. section 1331 for violations of the Fair Housing Act, 42 U.S.C. sections 3601 *et seq*. This Court

has jurisdiction over the pendent state-law claims brought under California law pursuant to 28 U.S.C. section 1367.

5. **VENUE:** Venue is proper in this court pursuant to 28 U.S.C. section 1391(b) and is founded on the fact that the real property which is the subject of this action is in this district and that Plaintiff's causes of action arose in this district.

6. **INTRADISTRICT:** This case should be assigned to the Oakland intradistrict as the real property which is the subject of this action is in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

7. **PARTIES:** Plaintiff MYRNA ATIENZA is and at all relevant times was a "handicapped person" as defined by 42 U.S.C. section 3602, and a "person with a disability" as defined in 29 U.S.C. section 705(9)(B), California Government Code section 12926, the Unruh Civil Rights Act, California Civil Code section 51, the Disabled Persons Act, California Civil Code section 54.1, and Civil Code section 3345. Plaintiff suffers from arthritis in both her knees and in her pelvis. The issues with her knees started after she moved into Highland Points, and walking up and down the stairs to her apartment has greatly increased her pain. She now has significant daily pain in both her knees. These physical impairments substantially limit her ability to walk, and she has considerable difficulty with coordination and balance. Plaintiff sometimes falls unexpectedly. Plaintiff is entitled by permit from the State of California to park any vehicle which he drives or is transported in, in a designated and properly configured disabled accessible parking space.

8. Defendants HIGHLANDS SAN RAMON L.P., dba HIGHLANDS POINT APARTMENTS; ST. ANTON PARTNERS, LLC; and ST. ANTON MULTIFAMILY INC. are the owners and/or operators of Highlands Point Apartments, a 293 low-income unit apartments building located at 2311 Ivy Hill Way, San Ramon, CA 94582 ("Highlands Point"). Highlands Point is a dwelling within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b), a housing accommodation under FEHA, Government Code § 12927(d), and the Disabled Persons Act, Civil Code § 54.1(b)(2), and a business establishment under the Unruh Act, Civil Code § 51.

9. Upon information and belief, every single unit at Highlands Point is a Below

Market Rate ("BMR") unit. Also, upon information and belief, Highlands Point offers 1, 2, and 3-bedroom BMR units. 49 of the units are for individuals whose income does not exceed 50% the Area Median Income ("AMI"). 73 of the units at Highlands Points are for individuals whose income does not exceed 80% of the AMI. Finally, 191 units at Highlands Point are for individuals whose income does not exceed 120% of the AMI.

10. **FACTUAL STATEMENT:** On June 15, 2019, Plaintiff began her tenancy at Highlands Point, and she continues to live there on an annual lease in a third floor BMR unit. The only means of accessing Plaintiff's unit is via stairs. Before moving in, Plaintiff had no chance to look at the apartment and did not know it was on the third floor. She found out that her apartment was on the third floor the day that she moved in. Plaintiff immediately told the manager that her disability prevents her from being able to safely and easily access her unit. Plaintiff was told that there was nothing that could be done and that she had to move-in that very day otherwise she would lose the apartment. Considering how difficult it is to find a BMR unit, Plaintiff believed that she had no choice but to accept the inaccessible unit. Since moving into the unit in June 2019, Plaintiff has repeatedly asked that she be permitted to move to a ground floor unit to accommodate her mobility disabilities, but Defendants have refused to allow her to do so falsely claiming that no first-floor units are available. Plaintiff has also repeatedly asked for an accessible parking space near her unit. Defendants denied her request when she moved in, and they constructively denied this request for over a year. Defendants only agreed to provide Plaintiff a parking space close to her unit after she retained counsel.

11. On January 18, 2020, Plaintiff sent the following email to Patricia Stinson, Defendants' Assistant Property Manager:

> As you recall, my final signing and move in date was June 15, 2019, and you walked me (my daughter came too) to my new apartment. On our way to apartment you asked if I had seen Apartment before. I replied I have never seen and no idea of location but excited to finally see it and move in that day. To my surprise, I was lead [sic] to the 3rd floor. I explained I had no idea I
> would be on 3rd floor, I requested a first floor during the months of back and forth providing documents and signing process. Anyway, I had no choice but to accept what was given, I did not have another home and I explained that I was permanently handicap and stairs were not good for my medical issue. I asked if you had elevator or ramp but you said none were available. It has been very difficult to manage going

up/down stairs as it is taking a toll on my medical issue. Being confined to staying home is not healthy for me just to avoid the up/down 3 floors and why I only go out when it is absolutely necessary like going to work and back. Going to grocery store is put off until I have no choice as not only do I need get up/down to 3rd floors, I need carry my groceries too. Grocery Online option is not feasible as there are minimum purchase requirements and I am only 1 person, I cannot purchase large quantity of groceries. Can you please provide the same Apartment I have now but on the first floor?

I will appreciate your cordial assistance and will wait for your response.

12. Two days later, Plaintiff received the following email from Patricia Stinson: "unfortunately [*sic*] BMR units are hard to come by, especially one on the first floor They are first come first **serve so you could keep checking in to see if one becomes available**." (emphasis added). Thus, rather than putting Plaintiff on a waitlist and informing her once a unit becomes available, Defendants required Plaintiff to continue to submit renewed accommodation requests, which she did.

13. On July 21, 2020, Plaintiff again asked that Defendants allow her to move to comparable ground-floor unit. Plaintiff sent the following letter by certified mail to Defendants' Manager, Yesenia Mendez:

Dear Ms. Yesenia Mendez,

I am currently a tenant of the property located at 2311 Ivy Hill Way #837, San Ramon,
CA 94583.

The purpose of this letter is to request a reasonable accommodation as permitted under
The Federal Fair Housing Act (U.S.C. §§ 3601-3619)

Under the Fair Housing Act. a landlord is required to accommodate a disabled tenant by changing or making an exception to a rule or policy. so long as the requested accommodation is related to the disability. Any retaliation by the landlord or property manager for making such a request under the Fair Housing Act is illegal.

I request **a first-floor apartment unit of similar size and quality to my current apartment** and **an assigned handicap-accessible garage parking spot near my apartment**. Since being approved for and signing a lease for my current third-floor unit on June 15, 2019, I have made multiple requests, both verbal and in writing, for a first-floor apartment. including the attached written email request sent on January 18, 2020. Management has consistently responded that none are available and asked me to keep checking in; however, I have seen vacant first-floor apartments as well as garage parking spots, since moving in on June 15, 2019. Neither have been offered to me despite my continuous efforts to check in and requests for such reasonable accommodations.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

> My request is related to a tenant disability because **the three flights of stairs and lack of handicap-accessible parking exacerbate my disability's symptoms**. I am a 63-year-old woman and my disability's symptoms, which include severe inflammation and swelling, make it extremely pointful and difficult to climb up and down stairs or walk long distance. Over the past year, I have rarely my apartment due to pain caused by going up and down three flights of stairs which equates to 36 steps, as well as fear of not being able to find a parking spot or handicap-accessible parking spot upon returning to the apartment complex. This has prevented me from going to work, attending necessary doctor's; appoints, and shopping for basic needs, such as groceries. My inability to leave my home safely and without pain has also strained my mental health and well-being. Without access to first floor unit or assigned garage parking spot, I am unable to live in and use my home safely and healthily.
>
> I have kept a copy of this letter for my records. Thank you for your attention to this matter.

(emphasis in original). Defendants confirmed receipt of the letter as indicated by the Certified Mail Return Receipt, and they chose to ignore Plaintiff's request accommodation.

14. After further inquiries from Plaintiff, Defendants claimed, a year later, that they sent her by email the following letter on August 13, 2020, explaining why they were denying her accommodation request:[1]

> We have received and reviewed your mailed in request for a ground floor unit. At this time we do not have any tax credit units on the ground floor. If you are interested in something like that **you have to continue checking in as frequently as you would like.** The best way is to call the leasing office at (925) 553-7147 Monday through Friday between 8:30 am and 5:30 pm. All of our units are on a first come first serve basis. In regards to a garage, if you want to lease a garage you may do that at any time. We offer non-tandem garages priced at $150 per month and tandem garages priced at $175 per month. We have had vacant first floor units, but that doesn't mean that they are tax credit units. Our property offers a combination of 50% AMI tax credit units, 80% AMI, and 120% AMI. Out of all the tax credit units only 3 of them are 1x1 ground floor units. As you know anyone who is in a tax credit unit has to re-certify annually. So far, everyone has been qualified, but that's not to say that we will not have anything available. We just don't know when something will come up.
>
> What we currently have available is a ground floor 1x1 unit with a connected garage priced at $2250 per month with a $500 deposit on approved credit. If you are interested in that you would have to redo all of your certification paperwork. Your monthly income must be at least 2.5 the monthly rent. This unit is not a tax credit unit.

(emphasis added). Once again, this email confirmed that it is Defendants' policy that a disabled tenant such as Plaintiff may not move to a lower unit unless it is a BMR unit. Defendants have

---

[1] Plaintiff inquired with the United States Postal Service who confirmed that she received no incoming mail of any kind from Highlands Points in August 2020.

refused and continue to refuse to reclassify the non-BMR units to a BMR unit making it possible for Plaintiff to move to a ground floor apartment which is comparable to her current unit.[2] As time went by, Plaintiff saw several individuals move in and out of lower units at Highland Point. Defendants, however, continued to refuse to allow Plaintiff to move to a lower unit claiming that she may only move to another BMR designated unit, rather than agreeing to re-designate a non-BMR unit as BMR. They also repeatedly threatened to evict Plaintiff every year without just cause.

15. On July 19, 2022, Plaintiff, through a letter by Disability Rights California, again explained to Defendants that being forced to live on the third floor is painful and exposes her to physical injury and renewed her request to move to a first-floor unit.

16. On August 3, 2022, Plaintiff received the following letter from Defendants:

> In response to your reasonable accommodation request received on 07/21/2020. [sic] Your request for a downstairs one-bedroom unit was approved 08/12/2020. Once we have 50% AMI ground floor 1x1 available you will be notified and the transfer will be initiated with our compliance department. A copy of the RA request approved is also attached to this notice. [sic] in regards to your request for a garage, we do have both tandem and non-tandem garages available. Pricing for these are as follows: Tandem garage $175/month, Non-Tandem garage (back perimeter of property) $150/month.

17. On December 18, 2022, Plaintiff again requested from Defendants that she be allowed to move to a ground floor unit: "As you may know I am disabled with arthritis in my pelvis and both knees. My knees are getting worse. I would like to request the following accommodations so that if I become further disabled and need a wheelchair, I will still be able to live here. The longer you have me wait for a 50% AMI apartment on the ground floor, the more my knee issue may worsen . . . can you please assist me to move to the next available ground floor apartment that is equal to even if slightly smaller than my current apartment which I believe is 828 sq. ft, regardless of whether it is a 50% AMI low-income apartment or not? I am hoping that after I move you can rent my current apartment at market rate in exchange for allowing me to move into the next available ground floor apartment at the same low-income rental rate. I would

---

[2] Plaintiff disputes that there are any non-BMR units and alleges, on information and belief, that all of the units at Highlands Point are BMR units as revealed by publicly available documents.

be willing to even accept a reasonably and slightly smaller apartment at the same price on the ground floor for this accommodation. I would also be open to moving to another building if you have-a comparable-ground floor unit." At no time did she agree to pay more or the same for her larger unit as a ground floor one.

18. On June 8, 2023, Plaintiff was notified that she would be allowed to move to unit 513, a smaller unit, *for the same monthly rent* (also known as the "Capistrano Unit") which is a ground-floor unit. Should Plaintiff choose to move to this unit, Defendants required Plaintiff to sign paperwork to falsely state that she does not work. Plaintiff informed Defendants the Capistrano Unit is not a reasonable response to her accommodation request because it is smaller than her current unit and is inferior in many other respects. For instance, there is no linen closet, no coat closet, no built-in desk with cabinets, and no dining area. The patio is also roughly half the size of her balcony, without space for a table and chairs and BBQ as Plaintiff has now. The bedroom and living room are also smaller. As a result, to move into the Capistrano Unit Plaintiff would need to give away furniture, such as her couch, that she uses to treat symptoms of her disability by putting her feet up, and her dining table. Plaintiff also declined to lie about her employment status. Plaintiff instead asked to be moved to the Hollowcrest Unit which is 102 sq. feet larger than her unit and provides all the other amenities that she already has, which was available at that same time she was offered the Capistrano Unit.

19. This request, however, was denied by Manager Patricia Stinton on July 6, 2023, because, according to Defendants, the Hollowcrest unit is a non-BMR unit and it could not be reclassified as a BMR unit, stating:

> Unfortunately, the [only] unit that is available for you to transfer to is the [Capistrano] unit that we viewed [sic] #513. I don't have any other units that are available for you to transfer to that are for a BMR unit. *We cannot approve the transfer to any other unit that isn't a BMR unit.*

(Emphasis added). This communication intentionally misrepresented Defendants ability to accommodate Plaintiff and is not true.

20. One August 7, 2023, Daniel McDaniels, the California State Compliance Manager for Compliance Section of the California Tax Credit Allocation Committee that oversees the

Below Market Rate and low-income housing tax credit program wrote to Plaintiff stating that:

> Regarding the change [in BMR status] we would advise since this project is an 8B "yes" election, if a ground one bedroom unit is available in the same building, that the tenant would be *moved to a similar or larger square footage unit*. The reason is this is a mixed use project and the Owner must ensure they are meeting all unit size and square footage for each building.
>
> Another option the Owner has if they so choose to is if they would like to convert another market rate unit of like or lager square footage in another building they can do so.
>
> Swapping the tenant to another unit is subject to availability. Please note, CTCAC cannot make the Owner swap an existing market rate unit to a low-income unit. This would solely be at the Owners discretion.

21. After Defendants retained counsel, they allowed Plaintiff to have a designated parking space in response to her request for a garage more than a year prior. On August 17, 2023, Defendants also committed to informing Plaintiff of and providing her with the next available ground floor unit that is equal to or greater in size to her current unit, regardless of BMR status. This agreement was 394 days after her request for accommodation through Disability Rights Counsel made on July 19, 2022. Further, Plaintiff has been asking for this change since she moved in on June 15, 2019, with no response.

22. Plaintiff has observed several people move in and out of ground floor apartments that have not been offered to her in the past two years prior to the filing of this complaint, including times after Defendant committed to providing her with the next available ground floor unit on August 17, 2023.

23. Plaintiff has exacerbated her arthritis and swelling in her knees and legs due to Defendants' failure to provide her with a ground floor apartment that is of equal or greater size at her same rent. The pain is so intense that she has often been unable to perform work as a Nanny.

24. As a result, Plaintiff has been forced to file this lawsuit to enforce her right to fair and equal access under the Federal Fair Housing Act and California law.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE FEDERAL FAIR HOUSING ACT**
**(42 U.S.C. § 3601 *et seq.*)**

25. Plaintiff repleads and incorporates by reference, as if fully set forth again below, the factual allegations contained in Paragraphs 1 through 24, above, and incorporates them here

1  by reference as if separately repleaded hereafter.

2      26.    Highlands Point is a "dwelling" available "to rent" within the meaning of the Fair Housing Act (FHA).  42 U.S.C.A. § 3602.  It is a "covered multi family dwelling" under section 3604 (f)(7)(A).

    27.    Based on the above, Defendants have violated the protections afforded to Plaintiff under the FHA, including, but not limited to, the following:

    a.    Failing and refusing to make reasonable accommodations in policies, programs, and procedures when such is necessary to afford Plaintiff an equal opportunity to use and enjoy the dwelling; and

    b.    Failing and refusing to provide an accessible path to/from Plaintiff's unit.

    28.    Defendants had actual knowledge that Plaintiff is a person with a disability.  Plaintiff affirmatively requested several accommodations including that she be allowed to move to ground floor unit of similar size to her third-floor unit and that she be assigned an accessible parking space in the parking lot of the building.  Defendants repeatedly refused or failed to respond to Plaintiff's requests for accommodations.

    29.    Defendants maintain a pattern and practice of denying Plaintiff full and equal access to her dwelling by their failure to respond appropriately to requests for accommodation.  42 U.S.C.A. § 3604(f)(3).

    30.    For these reasons, Plaintiff is entitled to actual damages, punitive and exemplary damages and injunctive relief as set forth below.

WHEREFORE, Plaintiff prays for damages and injunctive relief as stated below.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**
*(Cal. Government Code § 12955 et seq.)*

    31.    Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 30 of this Complaint and incorporates them here as if separately re-pleaded.

    32.    The Fair Employment and Housing Act (FEHA) prohibits discrimination on the basis of disability in housing.  Gov.C. § 12955 *et seq*.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

33.     Highlands Point is a "housing accommodation" within the meaning of FEHA. Cal. Gov't Code § 12927.

34.     Based on the above, Defendants have violated the protections of FEHA as follows:

    c.   Failure to provide an accessible path to/from Plaintiff's unit; and

    d.   Failure to modify policies and practices to provide reasonable accommodations to Plaintiff, including changes in policies, programs and procedures that allow persons with disabilities to enjoy their rental dwelling to the same extent as those without disabilities.

35.     Based on the above, Plaintiff is entitled to actual damages, punitive and exemplary damages and injunctive relief as set forth below.

WHEREFORE, Plaintiff prays for damages and injunctive relief as stated below.

**THIRD CAUSE OF ACTION:
VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT
(Cal. Civ. Code § 54 *et seq*)**

36.     Plaintiff repleads and incorporates by reference, as if fully set forth again below, the allegations contained in Paragraphs 1 through 35 of this Complaint and incorporates them here as if separately re-pleaded.

37.     The Disabled Persons Act (DPA) requires, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to all housing accommodations offered for rent, lease, or compensation in this state, subject to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons." Civ.C. § 54.1(b)(1).

38.     The subject apartment building is a housing accommodation under Civil Code section 54.1(b)(2). Plaintiff is a person with a disability within the meaning of the DPA.

39.     For these reasons, Defendants have violated the DPA as follows:

    e.   Denying Plaintiff full and equal access to her housing accommodations, (Civ.C. § 54.1(b)(1));

    f.   Refusing to "make reasonable accommodations in rules, policies, practices, or services, when those accommodations may be necessary to afford

individuals with a disability equal opportunity to use and enjoy the premises." (Civ.C. § 54.1(b)(3)(B)); and

g. Failure and refusal to provide an accessible route to/from Plaintiff's unit.

40. Plaintiff has suffered actual damage because of such failures which she alleges stems from Defendants' knowing and intentional violation of her rights as a disabled person under California Law.

41. Based on the above, Plaintiff is entitled to statutory damages, actual damages, punitive and exemplary damages as set forth below.

WHEREFORE, Plaintiff request relief as outlined below.

**FOURTH CAUSE OF ACTION:**
**VIOLATION OF UNRUH CIVIL RIGHT ACT**
**(Cal. Civ. Code § 51 *et seq.*)**

42. Plaintiff repleads and incorporate by reference, as if fully set forth again below, the allegations contained in Paragraphs 1 through 41 of this Complaint and incorporates them here as if separately re-pleaded.

43. At all times mentioned, the Unruh Civil Rights Act, California Civil Code 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

44. The building is a business establishment and Plaintiff is a person with a disability within the meaning of the Unruh Act.

45. Defendants violated the Unruh Act by its acts and omissions, including, but not limited to, the following:

h. Failure and refusal to modify the policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services; and

i. Failure and refusal to provide an accessible route to/from Plaintiff's unit.

46. Plaintiff is informed, believes and alleges that Defendants' behavior, as alleged

here, was intentional: Defendants were aware or were made aware of their duties to refrain from establishing discriminatory policies and barriers preventing physically disabled persons from accessing its facilities, before this Complaint was filed.

47. Defendants' refusal to provide Plaintiff's the requested accommodations demonstrates a knowing and conscious disregard for the law in general and an intentional denial of rights of disabled tenants in particular. Such conduct justifies an award of treble, punitive and exemplary damages along with all other relief sought.

WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as alleged in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief she requests. Plaintiff and Defendants have an actual controversy and opposing legal positions on Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff MYRNA ATIENZA and prays for judgment and the following specific relief against Defendants:

1. An order enjoining Defendants, their agents, officials, employees, and all persons acting in concert with them:

    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b. To provide a policy and procedure consistent with California and federal law to provide reasonable accommodations for persons with disabilities who live at the building or who wish to do so;

    c. To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons;

         d.     To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities;

         e.     Provide a mutually agreeable and accessible ground floor unit that is of equal or greater size to Plaintiff's current unit at the same rental rate;

         f.     Pay Plaintiff's moving expenses and a moving company of her choosing to move her belonging once a ground floor unit is mutually agreed upon.

2.     Retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of here no longer occur, and cannot recur;

3.     Award to Plaintiffs all appropriate damages, including, but not limited to, statutory damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all according to proof;

4.     Award to Plaintiffs all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5.     Award prejudgment interest under Civil Code section 3291; and

6.     Grant any other relief that this Court may deem just and proper.

Date: January 19, 2024

REIN & CLEFTON
ALL ACCESS LAW GROUP

   */s/ Aaron Clefton*
By AARON CLEFTON, Esq.
Attorney for Plaintiff
MYRNA ATIENZA

**JURY DEMAND**

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: January 19, 2024

REIN & CLEFTON
ALL ACCESS LAW GROUP

   */s/ Aaron Clefton*
By AARON CLEFTON, Esq.
Attorney for Plaintiff
MYRNA ATIENZA